[Cite as *Jacobson-Kirsch v. Kaforey*, 2012-Ohio-3553.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JOANN JACOBSON-KIRSCH

     Appellant

     v.

ELLEN C. KAFOREY and
LARRY G. POULOS

     Appellees

C.A. No.     26102

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2011 03 1655

DECISION AND JOURNAL ENTRY

Dated: August 8, 2012

MOORE, Presiding Judge.

**{¶1}** Plaintiff, Joann Jacobson-Kirsch ("Ms. Jacobson"), appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms in part, reverses in part, and remands this matter to the trial court for further proceedings consistent with this opinion.

I.

**{¶2}** In 1996, Ms. Jacobson petitioned the Summit County Probate Court to appoint a conservator to assist her in making medical decisions for herself and her minor daughter ("Daughter"). The court appointed Ellen C. Kaforey as Ms. Jacobson's conservator. In 2001, her daughter was hospitalized, at which time Ms. Jacobson alleged that Ms. Kaforey instructed hospital staff to limit Ms. Jacobson's contact with her daughter. Ms. Jacobson's parental rights later were terminated following a hearing in a separate proceeding in Summit County Juvenile Court in which Ms. Kaforey testified as a witness. On June 28, 2002, Ms. Jacobson, when reviewing the Probate Court file, discovered that Ms. Kaforey's Appointment of Conservatorship

included Ms. Kaforey's power to make "all medical, healthcare, and social, psychological, and visitation decisions," for her daughter. Ms. Jacobson believed that Ms. Kaforey and Magistrate Larry G. Poulos of the Summit County Probate Court had conspired to alter the court file to include powers in the conservatorship beyond that which the trial court had granted to Ms. Kaforey. Ms. Jacobson believed these alleged alterations were effected in order to restrict her access to her daughter while she was hospitalized in 2001 and to ultimately have her daughter removed from her custody.

{¶3}   On March 25, 2011, Ms. Jacobson filed a complaint against Ms. Kaforey and Magistrate Poulos, raising numerous claims arising from their alleged involvement in preventing Ms. Jacobson access to her daughter in 2001. Ms. Kaforey and Magistrate Poulos filed motions to dismiss the complaint pursuant to Civ.R. 12(B)(6), arguing, in part, that many of the claims were barred by the applicable statutes of limitations and that Magistrate Poulos could not be held liable for the actions complained of based on judicial immunity. The trial court agreed and dismissed Ms. Jacobson's complaint. Ms. Jacobson timely appealed from the dismissal entry and presents four assignments of error for our review. We have consolidated the second and third assignments of error to facilitate our discussion.

II.

{¶4}   Initially, we note that the trial court determined that ten of Ms. Jacobson's claims set forth actions predicated solely upon alleged violations of criminal statutes, and the trial court concluded that such claims by individuals are not cognizable under Ohio law. *See Biomedical Innovations, Inc. v. McLaughlin*, 103 Ohio App.3d 122, 126 (10th Dist.1995) (claim for civil damages inappropriate where it was based upon an alleged violation of a criminal statute).

Because Ms. Jacobson does not dispute that these claims were properly dismissed, we shall limit our discussion to the remaining claims set forth in her complaint.

## ASSIGNMENT OF ERROR I

THE COURT ERRED IN DISMISSING [MS.] JACOBSON'S COMPLAINT WHEN THE COURT FAILED TO CONSIDER CRUCIAL FACTS PLED IN [HER] COMPLAINT THAT, IF ACCEPTED AS TRUE, WOULD OPERATE TO ESTABLISH ALL THE ESSENTIAL ELEMENTS OF FRAUDULENT CONCEALMENT OF [HER] CLAIM NECESSARY TO EQUITABLY TOLL ANY OTHERWISE APPLICABLE STATUTE OF LIMITATIONS, AND THE COURT ERRED TO [MS.] JACOBSON'S PREJUDICE BY CONSIDERING AND ACCEPTING AS TRUE PLEADINGS BY DEFENDANTS OUTSIDE THE COMPLAINT.

{¶5} In her first assignment of error, Ms. Jacobson argues that the trial court erred in dismissing many of her claims based upon the expiration of the applicable statutes of limitations. We disagree.

{¶6} We review de novo a motion to dismiss for failure to state a claim upon which relief can be granted. *Hunt v. Marksman Prod., Div. of S/R Industries, Inc.*, 101 Ohio App.3d 760, 762 (9th Dist.1995). Dismissal of a claim is appropriate where, after accepting as true all factual allegations of the claim and resolving all reasonable inferences in favor of the nonmoving party, "it appears beyond doubt that the nonmoving party cannot prove any set of facts entitling him to the requested relief." *LaSalle Bank, N.A. v. Kelly*, 9th Dist. No. 09CA0067-M, 2010-Ohio-2668, ¶ 19, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 75 Ohio St.3d 545, 548 (1992).

{¶7} In the context of a motion to dismiss predicated upon expiration of the applicable statute of limitations, this Court has determined,

"A complaint may be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the complaint on its face conclusively indicates that the action is time-barred." *Ohio Bur. Of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 13. This Court has previously

stated that, in order "[t]o conclusively show that the statute of limitations bars the action, the complaint must demonstrate both the relevant statute of limitations and the absence of factors which would toll the statute, or make [ ] it inapplicable." *Tarry v. Fechko Excavating, Inc.*, 9th Dist. No. 98CA007180, 1999 WL 1037755, *2 (Nov. 3, 1999); *see also Helman v. EPL Prolong, Inc.*, 139 Ohio App.3d 231, 241 (7th Dist.2000) (adopting the above language from *Tarry*). Moreover, "[b]ecause Ohio is a notice pleading state, it suffices that the complaint put[s] defendants on notice of the general claim. It [i]s not necessary to specify facts to defend from a statute of limitations defense." *Irvin v. Am. Gen. Fin., Inc.*, 5th Dist. No. CT2004–0046, 2005–Ohio–3523, ¶ 29, fn. 11.

*Warren v. Estate of Durham*, 9th Dist. No. 25624, 2011-Ohio-6416, ¶ 6.

{¶8} Here, Ms. Jacobson's complaint listed claims for (1) breach of fiduciary duty, (2) fraud and intentional misrepresentation, (3) fraudulent concealment, (4) abuse of process, (5) civil conspiracy, (6) emotional distress, mental suffering and anguish, (7) intentional infliction of emotional distress, mental suffering, and anguish, (8) deprivation of civil rights pursuant to 42 U.S.C. 1983, (9) interference with parental interests, and (10) loss of parent/child consortium.[1]

{¶9} In support of these claims, Ms. Jacobson alleged that Ms. Kaforey, with the assistance or cooperation of Magistrate Poulos altered the contents of her probate file on April 23, 2001, to provide Ms. Kaforey with more powers as conservator than that with which she was granted. Ms. Jacobson further alleged that these altered documents were then utilized by Ms. Kaforey to substantiate her false representations to hospital personnel that she had the legal authority to limit Ms. Jacobson's contact with, and to make decisions on behalf of, her then hospitalized daughter. Ms. Jacobson specifically averred that she inspected her altered probate court file on June 28, 2002.

---

[1] Although Ms. Jacobson's complaint lists these claims in the case caption, she separately pleads only the first three of these claims within the body of her complaint, and the remainder of her complaint provides a narrative, extensive alleged quotes from hospital notes, and an alleged transcription of a conversation between herself and Ms. Kaforey.

{¶10}  The trial court determined that the following claims were subject to the four-year statute of limitations set forth in R.C. 2305.09: (1) breach of fiduciary duty, (2) fraud and intentional misrepresentation, (3) fraudulent concealment, (4) abuse of process, (5) civil conspiracy, (6) emotional distress, mental suffering and anguish, and (7) intentional infliction of emotional distress, mental suffering, and anguish.  The trial court further determined that the claim for damages pursuant to 42 U.S.C. 1983 was subject to a two-year statute of limitations. Based upon this, the court determined that these claims were time-barred.

{¶11}  Ms. Jacobson does not dispute the trial court's determination that these claims were subject to, at most, a four-year statute of limitations.  Instead, she argues that the trial court erred in dismissing these claims because her complaint alleged sufficient facts to establish that the defendants fraudulently concealed their wrongful actions.

{¶12}  Under the equitable tolling doctrine of fraudulent concealment, the running of a statute of limitations is tolled where the plaintiff demonstrates that the defendant took affirmative steps to conceal the plaintiff's cause of action, and the plaintiff could not have discovered the cause of action within the applicable limitations period despite exercising due diligence. *Campbell v. Upjohn Co.*, 676 F.2d 1122, 1126 (6th Cir.1982).  Although it is unnecessary to plead facts to establish a tolling of the statute of limitation in anticipation of a potential statute of limitations defense, Ms. Jacobson specifically asserted that she examined the allegedly altered probate court file on June 28, 2002. *See Warren*, 2011-Ohio-6416, ¶ 6.  Thus, her complaint, on its face and without reference to materials outside of the complaint, demonstrates that these claims were time-barred. *See id.*

{¶13}  Taking as true the allegations of the complaint, as we must, any potential tolling of the statutes of limitations applicable to these claims ended in 2002, when Ms. Jacobson

examined the allegedly altered probate file. This would give her until 2006 to bring her claims numbered 1 through 7 above and until 2004 to bring her claim numbered 8 above. Ms. Jacobson did not initiate this action until 2011. Therefore, the trial court did not err in dismissing these claims on the basis of expiration of the applicable statutes of limitations. Accordingly, Ms. Jacobson's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE COURT ERRED IN DISMISSING [MS.] JACOBSON'S COMPLAINT IN THE CONTEXT OF A CIV.R. 12(B)(6) MOTION BY EVEN CONSIDERING [MS.] KAFOREY'S BARE UNSUPPORTED ASSERTIONS OF AN INCOMPLETE WAIVER DEFENSE AS ESTABLISHED FACT AND FAILING TO ACCEPT [MS. JACOBSON'S] ASSERTIONS OF DENIAL OF WAIVER AS FACTUALLY TRUE, AS PLED IN THE COMPLAINT, ON THE ISSUES OF [MS.] KAFOREY'S LACK OF AUTHORITY OR PRIVILEGE TO INTERFERE WITH [MS.] JACOBSON'S FULL PARENTAL CUSTODY/CONTROL OF [DAUGHTER], WHEN ALL OF [MS.] KAFOREY'S ASSERTIONS WERE AFFIRMATIVE DEFENSES PRESENTED OUTSIDE THE COMPLAINT, AND IF SUSTAINED WOULD BE A VIOLATION OF PUBLIC POLICY WITH RESPECT TO THE LEGISLATIVE INTENT OF R.C. § 2111.021.

## ASSIGNMENT OF ERROR III

THE COURT ERRED BY FAILING TO GIVE [MS.] JACOBSON NOTICE AND THE OPPORTUNITY TO PRESENT ALL MATERIALS PERTINENT TO A CIV.R. 56 SUMMARY JUDGMENT AS MANDATED BY CIV.R. 12(B) AND 56(C) PRIOR TO RENDERING JUDGMENT ON THE CHARGES OF BREACH OF FIDUCIARY DUTY, FRAUD AND INTENTIONAL MISREPRESENTATION, FRAUDULENT CONCEALMENT, CIVIL CONSPIRACY, INTERFERENCE WITH CUSTODY AND THE DERIVATIVE CLAIMS OF MENTAL SUFFERING AND ANGUISH AND LOSS OF FILIAL CONSORTIUM.

{¶14} In her second assignment of error, Ms. Jacobson argues that the trial court erred in dismissing her claims by taking into consideration Ms. Kaforey's affirmative defenses to the complaint. In her third assignment of error, Ms. Jacobson argues that the trial court erred by

failing to convert the motion to dismiss to a motion for summary judgment, which would have allowed her to present materials in support of her claims.

{¶15} Based upon our disposition of Ms. Jacobson's first assignment of error, her second and third assignments of error have been rendered moot to the extent that she argues that her claims numbered 1 through 8 above were improperly dismissed, and we decline to address these assignments of error to that extent. *See* App.R. 12(A)(1)(c).

{¶16} As to the remaining claims for interference with parental interests and loss of parent-child consortium, the trial court dismissed these claims for failure to state a claim, determining that Ms. Jacobson did not allege a "taking" of her daughter as is required to plead a claim for interference with parental interests. The court further determined that the claim for loss of parent-child consortium was derivative of a tort claim on behalf of her daughter, and the complaint failed to state a claim for such a tort. We will examine each of these claims separately.

<u>Interference with Parental Interests</u>

{¶17} In the caption of her complaint, Ms. Jacobson listed a claim for interference with parental interests pursuant to R.C. 2307.50. Ms. Jacobson alleged that Ms. Kaforey, with the assistance of Magistrate Poulos, altered her probate court file to "deceive [Ms. Jacobson] and others into believing and justifiably relying on the deception that [Ms. Kaforey] was legally granted powers by the Summit County Probate Court to remove or restrict [Ms. Jacobson] of her lawful parental rights of custody and control over her daughter."

{¶18} R.C. 2307.50(B) provides,

> * * * if a minor is the victim of a child stealing crime and if, as a result of that crime, the minor's parents, parent who is the residential parent and legal custodian, parent who is not the residential parent and legal custodian, guardian, or other custodian is deprived of a parental or guardianship interest in the minor,

the parents, parent who is the residential parent and legal custodian, parent who is not the residential parent and legal custodian, guardian or other custodian may maintain a civil action against the offender to recover damages for interference with the parental or guardianship interest.

{¶19} A "child stealing crime" is defined to include violations of R.C. 2905.01 (kidnapping), R.C. 2905.02 (abduction), R.C. 2905.03 (unlawful restraint), and R.C. 2919.23 (interference with custody). R.C. 2307.50(A)(1). Here, Ms. Jacobson appears to argue that the predicate "child stealing crime" is interference with custody in violation of R.C. 2919.23(A)(1), which provides that "[n]o person, knowing the person is without privilege to do so or being reckless in that regard, shall entice, take, keep, or harbor" a child under the age of eighteen from the child's parent, guardian, or custodian.

{¶20} Here, Ms. Jacobson alleged that Ms. Kaforey's conservatorship was limited to assisting Ms. Jacobson in making medical decisions for herself and Daughter. Ms. Jacobson alleged that while Daughter was hospitalized, Ms. Kaforey instructed hospital staff to limit Ms. Jacobson's contact with Daughter, and these instructions constituted exercises of power which Ms. Kaforey knew to be beyond that of her conservatorship. Thus, Ms. Jacobson pled that Ms. Kaforey, without privilege to do so, kept Daughter away from Ms. Jacobson, who at that time had full custody of her daughter.

{¶21} It appears that Ms. Jacobson's failure to plead a "taking" was the only basis upon which the trial court dismissed the interference with custody claim. However, the predicate child stealing offense of interference with custody may alternatively be based upon one's actions in keeping the child from the parent without privilege to do so. Further, unlike the claims discussed in response to Ms. Jacobson's first assignment of error, the parties made no argument as to whether it could be conclusively ascertained from the face of the complaint that this claim was time-barred. Therefore, it does not appear beyond doubt that Ms. Jacobson can prove no set of

facts warranting relief on this claim. Accordingly, to the extent that Ms. Jacobson argues that her claim for interference with parental rights in regard to Ms. Kaforey was improperly dismissed, and because we can discern no other grounds warranting dismissal of this claim which are apparent from the face of the complaint under Civ.R. 12(B)(6), we sustain her second and third assignments of error.

Loss of Parent-Child Consortium

{¶22} In regard to Ms. Jacobson's claim for loss of parent-child consortium, the trial court dismissed this claim because the claim was derivative of a claimed tort against her daughter, which was not alleged in the complaint.

{¶23} In *Gallimore v. Children's Hospital Medical Center*, 67 Ohio St.3d 244 (1993), paragraph one of the syllabus, the Ohio Supreme Court determined that "a parent may recover damages, in a derivative action against a third-party tortfeasor who intentionally or negligently causes physical injury to the parent's minor child, for loss of filial consortium." Thus, such derivative claim requires a parent to allege that the defendant "intentionally or negligently cause[d] physical injury" to the child. Although Ms. Jacobson pleaded that she suffered injury in the form of mental suffering, anguish and the loss of society of her daughter as a result of the alleged actions of the Defendants, a review of Ms. Jacobson's complaint reveals that nowhere within it did she claim that Ms. Kaforey or Magistrate Poulos caused *her daughter* physical injury. As a result, this claim was properly dismissed pursuant to Civ.R. 12(B)(6).

{¶24} Accordingly, we overrule Ms. Jacobson's second and third assignments of error to the extent that she argues that the claim for loss of parent-child consortium was improperly dismissed.

## ASSIGNMENT OF ERROR IV

THE COURT ERRED IN DISMISSING [MS.] JACOBSON'S COMPLAINT ON GROUNDS OF JUDICIAL IMMUNITY BY ACCEPTING [MAGISTRATE] POULOS' BARE UNSUPPORTED ASSERTIONS, OUTSIDE THE COMPLAINT, THAT HIS ACTS WERE JUDICIAL ACTS THEREFORE IMMUNE WITHOUT A PROPER ANALYSIS OF THE DEFINITION OF JUDICIAL ACTS, AND ALSO ERRED BY EVEN CONSIDERING SUCH AN AFFIRMATIVE DEFENSE EXTRANEOUS TO THE COMPLAINT, WITHIN THE CONFINES OF A CIV.R. 12(B)(6) MOTION TO DISMISS.

**{¶25}** In her fourth assignment of error, Ms. Jacobson argues that the trial court erred by dismissing her claims against Magistrate Poulos on the grounds of judicial immunity. We disagree.

**{¶26}** In her complaint, Ms. Jacobson alleged that Magistrate Poulos assisted Ms. Kaforey in altering the contents of her court file to expand her powers under the conservatorship. To the extent that Ms. Jacobson's claims numbered 1-8 above and her claim for loss of filial consortium were directed toward Magistrate Poulos, these claims were properly dismissed for the reasons set forth in our discussions above. In regard to Ms. Jacobson's remaining claim for interference with parental interests, insofar as she claimed Magistrate Poulos' liability, this claim is barred by the doctrine of judicial immunity. In *Wochna v. Kimbler*, 163 Ohio App. 3d 349, 2005-Ohio-4802, ¶ 6, this Court explained the doctrine of judicial immunity as follows,

> Judicial immunity protects a judge from a civil action for money damages, as asserted by a party claiming to have been injured by some judicial action occurring within the scope of that judge's jurisdiction. *Hill v. Harris*, 9th Dist. No. 92CA005379, 1993 WL 62189, *5 (Mar. 10, 1993), citing *Kelly v. Whiting*, 17 Ohio St.3d 91, 94 (1985). This broad immunity protects even acts "done maliciously, or * * * in excess of * * * authority," so long they are judicial acts. *Kelly*, at paragraph one of the syllabus. "[T]he factors determining whether an act by a judge is judicial relate to the nature of the act itself (whether it is a function normally performed by a judge), and the expectation of the parties (whether they dealt with the judge in his judicial capacity)." *State ex rel. Fisher v. Burkhardt*, 66 Ohio St.3d 189, 191 (1993), citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

{¶27} Here, Ms. Jacobson alleged that Magistrate Poulos utilized his position at the probate court to assist in the alteration of the court file by causing the court's computerized "tickler" system to generate a back-dated request for a report from Ms. Kaforey on the status of the conservatorship. Ms. Jacobson first argues that Magistrate Poulos lacked jurisdiction to request a status report because such a report is not authorized or required by statute.

{¶28} However, the broad grant of judicial immunity protects acts done in excess of authority. *See Kelly*, at paragraph one of the syllabus. R.C. 2101.24(A)(1)(e) provides that the probate court has exclusive jurisdiction to direct and control the conduct of conservators. Ms. Jacobson alleges that this conduct took place prior to her termination of the conservatorship. Therefore, the face of the complaint establishes that Magistrate Poulos had jurisdiction over this matter, and a claim that he acted in excess of that jurisdiction will not remove his actions from protection of judicial immunity.

{¶29} Ms. Jacobson further argues that the request for the status report was not a "judicial act." However, the act complained of here is a function normally performed by a judge, and the parties dealt with Magistrate Poulos in a judicial capacity. *See Burkhardt* at 191. *Compare Bach v. Judkins*, 4th Dist. No. 558, 1985 WL 8286, *4-5 (July 1, 1985) (terminating employee not a judicial act, as employee does not deal with judge in a judicial capacity). Therefore, taking as true the allegations of the complaint, Ms. Jacobson's claims against Magistrate Poulos were barred by the doctrine of judicial immunity.

III.

{¶30} Accordingly, Ms. Jacobson's first and fourth assignments of error are overruled. We decline to address Ms. Jacobson's second or third assignments of error to the extent that they pertain to the claims barred by the applicable statutes of limitations. To the extent that these

assignments of error pertain to the claim of interference with parental rights against Ms. Kaforey, these assignments of error are sustained, and the judgment of the trial court is reversed and this matter is remanded for further proceedings consistent with this opinion. To the extent that these assignments of error pertain to the claim of loss of parent-child consortium, they are overruled. The judgment of the trial court is affirmed in part, reversed in part, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

> Judgment affirmed in part,
> reversed in part,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.


CARLA MOORE
FOR THE COURT

DICKINSON, J.
BELFANCE, J.
CONCUR.


APPEARANCES:

JOANN JACOBSON-KIRSCH, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and MICHAEL D. TODD, Assistant Prosecuting Attorney, for Appellee.

STEVEN G. JANIK, AUDREY K. BENTZ, and ANNA TILIS, Attorneys at Law, for Appellee.