[Cite as *T.H. v. Villoni*, 2020-Ohio-3767.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

T. H.

    Appellee

v.

VINCENT VILLONI

    Appellant

C.A. No.     18CA0090-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    18CIV0682

DECISION AND JOURNAL ENTRY

Dated: July 20, 2020

---

SCHAFER, Judge.

{¶1} Respondent-Appellant, Vincent Villoni, appeals the judgment entry of the Medina County Court of Common Pleas adopting the magistrate's decision granting a protection order. For the reasons that follow, this Court affirms.

I.

{¶2} On July 6, 2018, Petitioner-Appellee, T.H., filed a petition for a civil stalking protection order pursuant to R.C. 2903.214. T.H. sought relief for himself and his adult son, with an order of protection from Respondent-Appellant, Vincent Villoni. The trial court issued an ex parte protection order that day, and set the matter for a full hearing on July 24, 2018.

{¶3} T.H. appeared at the hearing along with his son. Mr. Villoni appeared with his wife. Following the hearing, the magistrate found that Mr. Villoni repeatedly traveled on to the parcel of property where T.H.'s home was located and confronted T.H. and his family members. The magistrate found that these events culminated in a confrontation on July 3, 2018, during which,

Mr. Villoni left the property where his home was located and violently confronted T.H.'s son on an adjoining parcel of property. The magistrate also indicated that "criminal trespass charges are pending." The magistrate found, by a preponderance of the evidence, that Mr. Villoni knowingly engaged in a pattern of conduct that caused T.H. to believe that Mr. Villoni "would cause physical harm, or that Mr. Villoni has caused mental distress to [the petitioners,]" and that the protection order was equitable, fair, and necessary. Accordingly, on August 2, 2018, the magistrate issued, and the trial court judge adopted that same day, an order protecting T.H. and his son from Mr. Villoni through July 6, 2020.

{¶4} Mr. Villoni filed "objection papers" on August 16, 2018, stating that he objected to the magistrate's ruling on the CPO. Mr. Villoni indicated that he would order transcripts to supplement the record and to further support his objection to the magistrate's decision. On September 19, 2018, the trial court issued a judgment entry ruling on Mr. Villoni's objection. The trial court found that Mr. Villoni did not make a specific objection in his filing. The trial court noted that Mr. Villoni did not indicate whether he believed there was an error of law or other defect evident on the face of the order, nor did he allege any manner in which the credible evidence of the record was insufficient to support the granting of the protection order. Further, the trial court found that thirty-four days passed since Mr. Villoni filed his objection, but no transcript of the proceedings had been filed. Therefore, the trial court found that Mr. Villoni failed to meet his burden in presenting an objection pursuant to Civ.R. 65.1(F). The trial court, having reviewed the magistrate's decision, overruled Mr. Villoni's "objections in full and, again, adopt[ed] said decision in its entirety, including the findings of fact and conclusions of law set forth therein."

{¶5} Thereafter, Mr. Villoni filed a "motion to reconsider the dismissal of the objection." The motion indicated that Mr. Villoni had recently retained counsel and, although he ordered the

transcripts, he did not know the transcripts needed to be filed. Mr. Villoni also asserted that "[t]here are errors in the findings granting the [c]ivil [p]rotection [o]rder to be found in the transcripts after a proper review of the transcripts can be accomplished by counsel[.]" Mr. Villoni also filed a separate motion requesting leave to file an objection within twenty days, and filed the transcript of the hearing at that time. The trial court denied Mr. Villoni's motion to reconsider and, having already overruled the objection, denied the motion for leave to supplement.

{¶6} Mr. Villoni timely appealed the trial court's adoption of the protection order and raised one assignment of error for our review. T.H. did not file a merit brief in this matter. Thus, we may accept the Mr. Villoni's statements of the facts and issues as correct and reverse the judgment if his merit brief reasonably appears to sustain such action. App.R. 18(C).

II.

### Assignment of Error

**Competent credible evidence was not presented to support the trial court findings and conclusions that [Mr. Villoni] engaged in menacing by stalking as a basis for granting the civil stalking protection order.**

{¶7} In his sole assignment of error, Mr. Villoni contends that factual findings were not supported by competent credible evidence, and the trial court erred by concluding that an order of protection should be granted. Within this single assignment of error, Mr. Villoni raises two sub-issues. First, Mr. Villoni questions whether the court erred when it granted the civil stalking protection order against him and appears to contend that the trial court's decision was against the manifest weight of the evidence. Second, Mr. Villoni questions whether the evidence presented was sufficient to prove the essential elements of the civil stalking protection order.

{¶8} Because Mr. Villoni attempts to challenge both the sufficiency and the manifest weight of the evidence in a single assignment of error, we pause to recognize that, "a review of the

sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations." *State v. Vicente-Colon*, 9th Dist. Lorain No. 09CA009705, 2010-Ohio-6242, ¶ 18. Accordingly, it is not appropriate to combine a sufficiency argument and a manifest weight argument within a single assignment of error. *Id*. at ¶ 20. *See* Loc.R. 7(B)(7) ("Each assignment of error shall be separately discussed * * *."); App.R. 12(A)(2) (This Court "may disregard an assignment of error presented for review if the party raising it fails to * * * argue the assignment separately in the brief, as required under App.R. 16(A)"). However, our review of Mr. Villoni's assignment of error is hindered by more fundamental issues.

{¶9} Civ.R. 65.1 applies to proceedings pursuant to R.C. 2903.214 for stalking civil protection orders. Civ.R.65.1(F)(3)(d) specifies the procedures for a party to file objections to a trial "court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing[.]" Relevant to the present appeal, a party may file written objections within fourteen days of the trial court's filing of the order granting the protection order. Civ.R.65.1(F)(3)(d)(i). A party filing objections "has the burden of showing that an error of law or other defect is evident on the face of the order, or that the credible evidence of record is insufficient to support the granting * * * of the protection order, or that the magistrate abused the magistrate's discretion in including or failing to include specific terms in the protection order." Civ.R.65.1(F)(3)(d)(iii). Objections "based upon evidence of record shall be supported by a transcript of all the evidence submitted to the magistrate or an affidavit of that evidence if a transcript is not available." Civ.R.65.1(F)(3)(d)(iv). "The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause." *Id*. Further, if the objections are timely filed, "prior to the date on which a transcript is prepared, the party may seek leave of

court to supplement the objections." *Id.* "[A] party must timely file objections to [an order adopting a magistrate's granting of a protection under] this rule prior to filing an appeal[.]" Civ. R. 65.1(G).

{¶10} On the fourteenth day after the trial court adopted the magistrate's decision in this matter, Mr. Villoni filed "objection papers." While Mr. Villoni indicated a general objection to the protection order, his filing did not state the nature of his objection. As noted above, Mr. Villoni had the burden to show the error of law, defect, or lack of credible evidence to support the granting of the protection order. *See* Civ.R.65.1(F)(3)(d)(iii). When the trial court ruled on the objections— more than thirty days after Mr. Villoni filed them—Mr. Villoni had not filed a transcript or affidavit regarding the evidence, nor had he sought leave to supplement his objections. Civ.R. 65.1(F)(3)(d)(iv). Consequently, the trial court concluded that he had not met his burden with respect to his objection, and adhered to its decision to adopt the magistrate's decision granting the protection order.

{¶11} Although Mr. Villoni subsequently filed the transcript of the hearing and requested the trial court reconsider its decision to overrule his objection, the trial court denied the request. Mr. Villoni did not challenge the trial court's denial of his request on appeal. Still, throughout his merit brief, Mr. Villoni references the transcript, which was not in the record for the trial court to consider when it ruled on Mr. Villoni's objections. Assuming that Mr. Villoni intended to challenge the weight or sufficiency of the evidence in his objections before the trial court as required prior to appeal by Civ.R. 65.1(G), he failed to do so in the manner prescribed by Civ.R. 65.1(F)(3)(d)(iii) and (iv).

{¶12} Even if this Court were able to reach the merits of Mr. Villoni's arguments raised for the first time on appeal, our review would be inhibited because his arguments are based entirely

on the transcript of the record that was not timely filed or available for the trial court's consideration below. *See Post v. Leopardi*, 11th Dist. Trumbull No. 2019-T-0061, 2020-Ohio-2890 ¶ 24; *see J.S. v. D.L.*, 8th Dist. No. 106509, 2018-Ohio-4775, ¶ 10-11 ("[I]n applying the analogous transcript requirement found in Civ.R. 53(D)(3)(b)(iii)," appellate courts have held that if the transcript is later submitted, "it may not be considered because the appellate court's review is limited to the evidence before the trial court." We see no reason why the rule would not apply with equal force to [a respondent]'s analogous duty under Civ.R. 65.1(F)(3)(d)(iv) to provide the trial court with the transcript of the proceedings in support of his objections * * *."). "'A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.'" *Post* at ¶ 24, quoting *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. Because this Court cannot consider the transcript, Mr. Villoni cannot demonstrate error with respect to factual findings. Consequently, we must presume the regularity of the proceedings below and accept that the facts were correctly interpreted. *See Bayview Loan Servicing, L.L.C. v. Likely*, 9th Dist. Summit No. 28466, 2017-Ohio-7693, ¶ 12.

{¶13} Therefore, Mr. Villoni's assignment of error is overruled.

### III.

{¶14} Mr. Villoni's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---
JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

PAUL GRANT, Attorney at Law, for Appellant.

T. H., pro se, Appellee.