[Cite as *Hall v. GMS Mgt., Inc.*, 2020-Ohio-5601.]

COURT OF APPEALS
SUMMIT COUNTY, OHIO
NINTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JAMES W. HALL, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| | : | |
| -vs- | : | Sitting by Assignment by the |
| | : | Supreme Court of Ohio |
| | : | |
| | : | |
| GMS MANAGEMENT CO., Inc., | : | Case No. CA 29726 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Barberton Municipal
Court, Case No. CV6 190 1059

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      December 9, 2020

APPEARANCES:

For Plaintiff-Appellant      For Defendant-Appellee

JAMES W. HALL, Pro Se      JAMES R. OGDEN
P.O. Box 1123 State Rt. 8      P.O. Box 3021
Cuyahoga Falls, Ohio 44223      Cuyahoga Falls, Ohio 44223-0321

*Baldwin, J.*

**{¶1}**   Appellant, James W. Hall, appeals the decision of the Barberton Municipal Court overruling his objections to the Magistrate's decision of January 23, 2020.  Appellee is GMS Management Co., Inc.

## STATEMENT OF FACTS AND THE CASE

**{¶2}**   Hall's brief and writing style are difficult to interpret and often confusing, but we can derive the facts and the case from the portion of the record that was included in the appeal.

**{¶3}**   Hall entered into a residential lease with GMS Management, Co., Inc. (GMS) on December 3, 2018 for a period of one year from January 1, 2019 to December 31, 2019 for a total rental of $10,140.00 payable in monthly installments of $845.00 plus an additional monthly charge of $67.00 for water/wastewater for a total monthly payment of $912.00.

**{¶4}**   On May 17, 2019 GMS drafted and served Hall with a notice to leave the premises, alleging that he had breached the lease and failed to pay rent.  Hall did not vacate the premises and GMS filed a two count complaint for forcible entry and detainer on June 3, 2019.  The second cause of action is at issue in this appeal, the first having been resolved when Hall vacated the premises. The second count alleged:

Due to breach of the aforesaid agreement, Defendant owes Plaintiff $1,924.00, plus rent in the amount of $912.00 per month commencing July 1, 2019 and continuing on the first of each month thereafter, plus late charges in the amount of $50.00 per month commencing on July 2, 2019 and continuing on the second of each month thereafter, until Plaintiff relets

the aforesaid  real property or until the term of Defendant's lease expires, whichever first occurs, plus the cost to Plaintiff, in an amount to be determined, to repair or otherwise remedy damages, if any, caused to said real property by and/or through the willful(sic) acts and/or neglect of Defendant, plus  any other fee and/or charge, in an amount to be determined, resulting from the aforesaid breach, including, but not limited to, fees and/or charges, if any, for garage rental(s) and utility service(s).

Complaint, p. 2.

{¶5} The first count of the complaint was resolved by agreement of the parties that was read into the record, but was not transcribed.  A magistrate's order of July 29, 2019 does reference the agreement:

The Court finds that Defendant voluntarily agreed to the terms of the settlement in open court and he agreed to the writ of restitution being issued, but not executed as long as he complied with the terms by July 16, 2019. Further, the Court finds that Plaintiff did not have to accept partial rent from the Defendant that he offered Plaintiff on July 2, 2019. The Court also finds that it was the Defendant's responsibility to track his money order and to stop payment on it and request a refund from the issuer of the money order. Further, the Court finds that the agreement entered into by the parties on July 2, 2019 was fair and reasonable. Thus, Defendant had the opportunity to comply with the terms of the agreement, but he failed to do that by the deadline.

**{¶6}** Hall filed objections to the July 29 Magistrate's Order and the trial court overruled the objections.  Hall filed an appeal of the trial court's decision and that appeal was dismissed as moot because it was established that Hall had vacated the premises.

**{¶7}** The second cause of action came before the trial court on January 6, 2020 and the Magistrate found in favor of GMS awarding it $4,696.00 and dismissing a counterclaim Hall had filed.  Hall filed objections to the magistrates order on February 3, 2020.

**{¶8}** The trial court "conducted an independent review of the objection and the court file" and overruled the objections on March 17, 2020.  The trial court found that:

Defendant argues that he only owes rent for June, 2019 in the amount of $912.00, not the amount that the Magistrate determined in his decision.  Defendant also argues that he was denied his right to a proper hearing on the first cause of the eviction and that the Magistrate did not allow him to present evidence or testimony on that issue. Finally, Defendant argues that the Magistrate and Plaintiff's counsel had ex parte communications concerning the date that Defendant moved out of the subject premises.

The Court finds that neither Plaintiff; nor Defendant submitted a transcript of the proceedings or an affidavit of the proceedings and therefore, both are precluded from arguing factual findings made by the Magistrate. Further, the Court finds that the first cause of Plaintiff's complaint has been litigated and even appealed to the Ohio Ninth District Court of Appeals and is no longer an issue in this case. The Court also finds

that the current issues relate to the second cause of Plaintiffs complaint and Defendant's counterclaim. Further, the Court finds Defendant did present his exhibits (Exhibits A-D) at the hearing on the second cause and his counterclaim and the Magistrate considered those along with Plaintiff's exhibits. The Court also finds that Plaintiff presented evidence to prove by a preponderance of the evidence that Defendant was obligated to the terms of the current lease until December 31, 2019, including past due rent and future rent through September, 2019. Further, the Court finds that Defendant did not prove his counterclaim by a preponderance of the evidence and there was no evidence presented to show that the Magistrate and Plaintiffs attorney had any ex parte communications. It appears from the Court file that Plaintiff's attorney did request two continuances of the hearing on the second cause and counterclaim due to health reasons, which Defendant did not agree with, but the continuances were reasonable under the circumstances.

**{¶9}** Hall filed his notice of appeal on April 4, 2020 and his brief includes multiple assignments of error that are virtually incomprehensible. Some of the assignments make reference to a July 29, 2019 order and others seem to be complaints regarding the procedures of the trial court or the timing of some of its actions, but those are unrelated to the judgment of March 17, 2020 and will not be considered. One assignment of error appears to address an action by the court of appeals in a prior appeal, and cannot be considered by this court.

{¶10} We interpret a portion of Hall's brief as a complaint that GMS's brief was filed late and that therefore, GMS should not be permitted to argue and the case should be dismissed. Hall filed motions requesting the same relief from the Ninth District Court of Appeals and those motions were denied. We will not reconsider that decision.

{¶11} We also reject Hall's argument regarding the alleged discrepancy between the date he contends he vacated the premises and the date the court found he left the residence. Even assuming, arguendo, that he is correct, that fact has no impact on the trial court's ruling of March 17, 2020.

{¶12} Appellant also complained about a bond that was used to reduce the amount of the judgment against him by five hundred dollars. His complaint is not clear, but we interpret it as a question regarding the source of the bond. The only reference to a bond in the record before us is in the lease where there is a reference to a bond in lieu of a security deposit. As no bond is referenced in the record or the court order under appeal we cannot give it any consideration.

{¶13} The lack of a cogent argument in Hall's brief is further complicated by the fact that he did not submit a transcript of the proceedings with his objections to the magistrate's order. As noted by the trial court "[t]he Court finds that neither Plaintiff; nor Defendant submitted a transcript of the proceedings or an affidavit of the proceedings and therefore, both are precluded from arguing factual findings made by the Magistrate." The trial court's position is supported by Civ.R. 53(D)(3)(b)(iii) which states "* * *An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a

transcript is not available.* * *" This court is likewise constrained to accept the facts as found by the magistrate. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail,* 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. Because this Court cannot consider the transcript, [Mr. Hall] cannot demonstrate error with respect to factual findings. Consequently, we must presume the regularity of the proceedings below and accept that the facts were correctly interpreted. *See Bayview Loan Servicing, L.L.C. v. Likely*, 9th Dist. Summit No. 28466, 2017-Ohio-7693, ¶ 12, *T. H. v. Villoni,* 9th Dist. Medina No. 18CA0090-M, 2020-Ohio-3767, ¶ 12.

{¶14} The Magistrate's findings are as follows:

The Court finds that Defendant rented the premises owned by Plaintiff at 2755 Lockraven Blvd., Suite C, in Copley, Ohio, pursuant to a lease beginning January 1, 2019 for a 12 month term ending on December 31, 2019. The Court also finds that Defendant vacated the premises on or about August 3, 2019 and no security deposit was paid by Defendant, except that a $20.00 refundable key deposit was paid by Defendant. Further, the Court finds that Defendant owes rent for the months of May, June, July, August, and September, 2019 at $912.00 per month (includes water and trash fees) for a total of $4,560.00, plus late fees of $200.00 ($50.00 per month for May through August, 2019). The Court also finds that Plaintiff did take reasonable measures to attempt to re-lease this apartment, but it was not rented until October 1, 2019, so Defendant is liable for the September, 2019 rental payment due to Defendant's 12 month lease

obligation. Further, the Court finds that Plaintiff is giving Defendant a $44.00 rent credit that accrued prior to April 30, 2019. Thus, the Court finds that Defendant is liable to Plaintiff in the amount of $4,760.00 less $64.00 (rent credit and key deposit), which leaves a balance owed of $4,696.00. With respect to Defendant's counterclaim, the Court finds that Defendant failed to prove his counterclaim by a preponderance of the evidence.

THEREFORE, IT IS ORDERED that judgment is granted in favor of Plaintiff and against Defendant in the amount of $4,696.00, plus interest at the rate of 5% from the date of judgment. FURTHER, IT IS ORDERED that judgment is granted in favor of Plaintiff on Defendant's counterclaim and Defendant shall pay the court costs of this case.

{¶15} The trial court reviewed the parts of the record that were available and concluded that that the appellee had proven its claim by a preponderance of the evidence. We have reviewed the same documents and reach the same conclusion.

{¶16} We recognize that Hall is acting pro se and that he may have been challenged by the complexities of the law.  However, the Supreme Court of Ohio has "repeatedly declared that "pro se litigants * * * must follow the same procedures as litigants represented by counsel." *State ex rel. Gessner v. Vore,* 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5. " 'It is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.' " *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Serv.,* 145 Ohio St.3d 651, 654, 763 N.E.2d 1238.

**{¶17}** Hall's assignments of error are overruled and the decision of the Barberton Municipal Court is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, Earle, J. concur.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. EARLE E. WISE, JR.

CRB/dw

[Cite as *Hall v. GMS Mgt., Inc.*, 2020-Ohio-5601.]

IN THE COURT OF APPEALS FOR SUMMIT COUNTY, OHIO

NINTH APPELLATE DISTRICT

JAMES W. HALL,                              :
                                           :
    Plaintiff - Appellant              :
                                           :
-vs-                                        :      JUDGMENT ENTRY
                                           :
GMS MANAGEMENT CO., Inc.,                    :
                                           :
    Defendant - Appellee               :      CASE NO. CA 29726

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Barberton Municipal Court is affirmed. Costs are assessed to appellant.

Sitting by Assignment by the Supreme
Court of Ohio

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. EARLE E. WISE, JR.