[Cite as *Hall v. GMS Mgt. Co.*, 2021-Ohio-2392.]

COURT OF APPEALS
SUMMIT COUNTY, OHIO
NINTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JAMES HALL, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| | : | |
| -vs- | : | Sitting by Assignment by the |
| | : | Supreme Court of Ohio |
| | : | |
| GMS MANAGEMENT CO., Inc., *et al.*, | : | Case No. CA 29920 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:   Appeal from the Summit County
                 Court of Common Pleas, Case No.
                 CV 2020-09-2502

JUDGMENT:           Affirmed

DATE OF JUDGMENT:      July 14, 2021

APPEARANCES:

For Plaintiff-Appellant

JAMES HALL
P.O. Box 1123 State Rt. 8
Cuyahoga Falls, Ohio 44223

For Defendants-Appellees
Barberton Municipal Court,
David E. Fish, Andrew F. Peck,
And Todd McKenney

AMILY A. IMBROGNO
Mazanec, Raskin & Ryder Co., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139

For Defendants-Appellees
Ninth District Judges Lynne Callahan,
Donna Carr, Jennifer Hensal, Julie
Schafer, and Thomas Teodosio

DAVE YOST
Ohio Attorney General

By: ZACHARY M. HOLSCHER
Assistant Attorney General
Constitutional Law Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215

For Defendants-Appellees GMS Mgmt.
Co., Inc. and James R. Ogden, Esq.

ELIZABETH WELLS ROTHENBERG
Berns, Ockner & Greenberger, LLC
3733 Park East Drive, Suite 200
Beachwood, Ohio 44122

*Baldwin, J.*

**{¶1}** Appellant, James W. Hall, appeals the Summit County Court of Common Pleas' decision granting appellees' motion to dismiss his complaint pursuant to Civ.R 12(B)(6) for failure to state a claim for which relief may be granted. Appellees are GMS Management Company, Inc., James Ogden, Barberton Municipal Court, Barberton Municipal Court Magistrate Andrew Peck, Judge David E. Fish and Judge Todd McKinney, and Ninth District Court of Appeals Judges Lynne Callahan, Donna Carr, Jennifer Hensal, Julie Schafer, and Thomas Teodosio.

### STATEMENT OF FACTS AND THE CASE

**{¶2}** This case arises out of a judgment rendered against James Hall in an eviction action filed in the Barberton Municipal Court on June 3, 2019. *GMS Management Co., Inc. v. James Hall*, Barberton Municipal Court Case No. CVG1901059. The Barberton Municipal Court rendered a judgment against Hall and Hall filed a timely appeal. We considered the appeal and affirmed the decision of the Barberton Municipal Court. *Hall v. GMS Mgt. Co.,* 9th Dist. Summit No. CA 29726, 2020-Ohio-5601, ¶ 1*appeal not allowed sub nom. Hall v. GMS Mgt. Co.\**, 162 Ohio St.3d 1412, 2021-Ohio-961, 165 N.E.3d 341, ¶ 1. Hall's petition to the Supreme Court of Ohio for certiorari was denied.

**{¶3}** While the appeal of his eviction was pending, Hall filed a complaint in the Summit County Court of Common Pleas providing his perception of the facts that led to the judgment against him in Barberton Municipal Court interspersed with allegations that the trial judge's and the magistrate's actions during the case were perjurious, that they lied by filing a fake journal entry and that appellee Ogden lied by giving incorrect

information.  He also alleged Judges McKinney and Fish refused to use documents he filed with the court.

**{¶4}**    He complained that the appellate court permitted appellee in the prior case to file his brief five months late and argue in contravention of "Rule 18" and that the appellate court mishandled evidence that he had submitted.  He also contends that he was not provided a copy of the bond mentioned in a judgment entry, but not filed with the court.

**{¶5}**    Hall filed a document captioned "Amendment Complaint" on September 11, 2020, but no material changes, additions or amendments were made to the original pleading.

**{¶6}**    Hall filed additional motions requesting documents and asking for service of a subpoena on the clerk of courts.  One or more of the appellees opposed those motions and all filed motions to dismiss the complaint for failure to state a claim. The last motion to dismiss for failure to file a claim was filed by appellees GMS Management Co., Inc. & James R. Ogden on November 3, 2020.  Hall opposed all motions to dismiss and the Barberton Municipal Court, Barberton Municipal Court Magistrate Andrew Peck, Judge David E. Fish and Judge Todd McKinney filed a reply in support.

**{¶7}**    The trial court granted all motions to dismiss on January 27, 2021, without a hearing, finding that:

On review, when Plaintiff's amended complaint is viewed in the light most favorable to Plaintiff, accepting all factual allegations as true, it appears beyond doubt from the amended complaint that the Plaintiff can prove no set of facts entitling him to recovery due to the application of

judicial immunity, attorney immunity, immunity of parties and witnesses during judicial proceedings, and lack of a cause of action asserted against GMS, therefore, the 9th District, Barberton Court, and Landlord's motions to dismiss are well taken and GRANTED(SIC).

{¶8} Hall filed a timely notice of appeal and described ten assignments of error, with a list of "Issues Presented for Review" placed between the first five and last five assignments of error. The assignments are not clearly stated and, to the extent we can interpret them, they contain no discernible connection to the actions of the trial court in the case below. Instead, they focus upon the eviction matter that was concluded in Barberton Municipal Court and reviewed upon appeal. We cannot address those issues as that matter is not before us.

{¶9} We have reviewed the entire brief and find it challenging to discern any relevant objection to the trial court's dismissal of the complaint for failure to state a claim for which relief may be granted. Hall's presentation is difficult to comprehend and, though it contains references to "Assignments of Error", "Issues Presented for Review", "Statement of the Case", Statement of Facts" as well as "Argument and Law", the text following the captions does not provide the expected and necessary information for those captions. In *Hall v. GMS Mgt. Co., supra,* we recognized that Hall is acting pro se and that he may have been challenged by the complexities of the law. However, the Supreme Court of Ohio has "repeatedly declared that "pro se litigants * * * must follow the same procedures as litigants represented by counsel." *State ex rel. Gessner v. Vore,* 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5. " 'It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held

to the same standard as litigants who are represented by counsel.' " *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Serv.*, 145 Ohio St.3d 651, 654, 763 N.E.2d 1238.

{¶10} We have reviewed Hall's brief closely and discovered assertions that the trial court was obligated to provide Hall a hearing and to consider documents filed in the clerk's office as evidence in support of his complaint and that the failure to do so was error.  Though Hall's brief fails to comply with most requirements of the Rules of Appellate Procedure, in the interest of justice we will consider these assertions as assignments of error in the context of a motion to dismiss for failure to state a claim.

## STANDARD OF REVIEW

{¶11} When reviewing a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, our standard of review is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992), quoting *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117, 537 N.E.2d 1292 (1989). In considering a motion to dismiss, a trial court may not rely on allegations or evidence outside the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997). Rather, the trial court may review only the complaint and may dismiss the case only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recover. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975).

**ANALYSIS**

**{¶12}** Hall's complaint that he was not provided a hearing prior to the trial court ruling on the motion and that the trial court refused or neglected to consider the evidence that he submitted reveals his misunderstanding of the Civil Rules, particularly Civil Rule 12(B)(6). Hall has a layperson's knowledge of legal processes and expects every matter before the court to be resolved with an evidentiary hearing. He contends that he is entitled to his day in court. If he had a more complete understanding of the Civil Rules, Hall would understand that his "day in court" is contingent upon successfully stating a claim for which relief may be granted. Failing that, the doors to the court are not open to allegations that do not state a cognizable claim.

**{¶13}** Civil Rule 12(B)(6) can become a serious hurdle if a litigant does not understand the Civil Rules. A plaintiff must provide a "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A). Civil Rule 12(B)(6) requires dismissal of a complaint when it appears that the plaintiff has not satisfied the requirements of Civ.R. 8(A) but "only when it appears "beyond doubt * * * that the [plaintiff] can prove no set of facts warranting relief." *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 248, 673 N.E.2d 1281. And, prior to reaching that conclusion, the trial court "must assume that "all factual allegations in the complaint are true." *Tulloh v. Goodyear Atomic Corp.* (1992), 62 Ohio St.3d 541, 544, 584 N.E.2d 729. The court is also required to construe all reasonable inferences that can be drawn from the complaint in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 532 N.E.2d 753 (1988). The trial court must not consider evidence regarding the

allegations in the complaint because a motion to dismiss pursuant to Civ.R. 12(B)(6) is procedural and tests the sufficiency of the complaint., not the weight of the evidence. *State ex rel. Hanson v. Guernsey County Board of Commissioners*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1992).

{¶14} When considering a Civ.R. 12(B)(6) motion, the court may look only to the complaint itself, and no evidence or allegation outside the complaint. *State ex rel. Fuqua v. Alexander (*1997), 79 Ohio St.3d 206, 680 N.E.2d 985.

## MATERIAL SUBMITTED BY HALL COULD NOT BE CONSIDERED

{¶15} The trial court in this case was restricted to reviewing Hall's complaint and any material incorporated by reference into the complaint. The trial court was obligated to consider all of the allegations in Hall's complaint true, so evidence in support of those allegations was unnecessary. The trial court need only review the complaint and any attachments to determine whether Hall's complaint described "a short and plain statement of the claim showing that the party is entitled to relief." For that reason, the trial court was prohibited from considering any documents that Hall may have offered in support of his complaint and did not err by failing to consider them in its judgment.

## HEARING NOT REQUIRED

{¶16} The rational for not holding an evidentiary hearing follows the same logic as not permitting consideration of material outside the complaint. The parties had the opportunity to express their arguments regarding the motion via multiple pleadings. The trial court could not consider any evidence regarding the motion but was limited to the four corners of the complaint. The Fifth District held that "because the trial court is confined to the allegations in the pleading, a trial court does not abuse its discretion in

failing to conduct an evidentiary hearing as factual findings are not required to determine the merits of a Civ.R. 12(B)(6) motion." *Copeland v. Myer,* 5th Dist. Stark No. 2009CA00047, 2009-Ohio-3132, ¶ 20. The same analysis and conclusion apply to the case before us.

{¶17} Furthermore, the Summit County Rule provides for a hearing upon request and at the sole discretion of the assigned judge. That same rule states that motions "shall be determined upon the written statements of reasons in support or opposition, as well as the citation of authorities." (Rule 7.14, Summit County Rules). Hall has not claimed that he requested a hearing or that the judge denied his request. Because neither the Civil Rules nor the local rules require a hearing to resolve this motion to dismiss, the trial court did not abuse its discretion by failing to conduct such a hearing.

## DISMISSAL OF COMPLAINT WAS APPROPRIATE

{¶18} Hall's allegations regarding the alleged wrongdoing of appellees are difficult to parse, but they share the common feature of being actions taken within the context of the presentation and consideration of a lawsuit, specifically the eviction action we reviewed in *Hall v. GMS Mgt. Co.,* 9th Dist. Summit No. CA 29726, 2020-Ohio-5601, ¶ 1 *appeal not allowed sub nom. Hall v. GMS Mgt. Co.,* 162 Ohio St.3d 1412, 2021-Ohio-961, 165 N.E.3d 341, ¶ 1. Hall's complaints of lies, perjury, and mishandling of evidence relate to actions of the appellees while engaged in the presentation and review of the facts of the prior case. Hall is adamant that he was wronged in the eviction action, that GMS breached the lease and that the judgment against him was based upon faulty evidence and the erroneous interpretation of a lease. He maintained that position in the prior case, but failed to persuade this court that the trial court erred and did not convince

the Supreme Court of Ohio to review our decision. He has altered his strategy and now contends that the trial court's ruling against him was the result of the appellees' dishonest activity during the case for which he is entitled to compensation.

{¶19} Hall targets the Ninth District Court of Appeals Judges, the trial court judge and magistrate as well as the Barberton Municipal Court, GMS Management Company and its counsel, James Ogden. His complaint contains no discernible complaint against GMS, so the dismissal of the complaint against that entity was not an error. The claim against the Barberton Municipal Court was also properly dismissed because that court "is not sui generis. 'A court is defined to be a place in which justice is judicially administered. It is the exercise of judicial power, by the proper officer or officers, at a time and place appointed by law.' *Todd v. United States* (1895), 158 U.S. 278, 284, 15 S.Ct. 889, 891, 39 L.Ed. 982. Absent express statutory authority, a court can neither sue nor be sued in its own right." *State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St.2d 120, 121, 296 N.E.2d 544, 546 (1973).

{¶20} The dismissal of the complaint against GMS and the Barberton Municipal Court was correct, leaving the judges of the Ninth District Court of Appeals, the judge and magistrate of the Barberton Municipal Court and Attorney Ogden.

{¶21} Hall's allegations against the Ninth District Court of Appeal's Judges, as well as the claims against the judge and the magistrate of the Barberton Municipal Court, are connected to the resolution of the eviction action filed by appellee GMS. While we encountered some difficulty interpreting the details of his claims, it is clear that his complaints focus upon the courts' exercise of its authority in the context of an eviction action, a matter within those courts' respective jurisdictions. We have held:

"[j]udicial immunity protects a judge from a civil action for money damages, as asserted by a party claiming to have been injured by some judicial action occurring within the scope of that judge's jurisdiction. *Hill v. Harris*, 9th Dist. No. 92CA005379, 1993 WL 62189, *5 (Mar. 10, 1993), citing *Kelly v. Whiting*, 17 Ohio St.3d 91, 94, 477 N.E.2d 1123 (1985). This broad immunity protects even acts "done maliciously, or * * * in excess of * * * authority," so long they are judicial acts. *Kelly*, at paragraph one of the syllabus.

*Jacobson-Kirsch v. Kaforey*, 9th Dist. Summit No. 26102, 2012-Ohio-3553, ¶ 26. *See Also Mobley v. Supreme Court of Ohio,* 10th Dist. Franklin No. 20AP-292, 2021-Ohio-391, ¶ 10 (Ohio law is clear that a plaintiff claiming to have been injured by judicial action within the scope of the judge's jurisdiction has no civil action against the judge for recovery of damages. Nor is a judge liable for actions taken within the judge's discretion. Indeed, a judge is immune for actions taken within the judge's official capacity even if those actions were in error, in excess of authority, or malicious.)

{¶22} When we review the complaint and assume that the allegations of fact are true, and further construe all reasonable inferences in Hall's favor, we find that Hall does not allege that the trial court or the Ninth District Court of Appeals was acting extrajudicially or without personal or subject-matter jurisdiction. We must conclude that he has failed to state a claim against the judges and the magistrate as their actions, as described in the complaint, are protected by judicial immunity.

{¶23} The trial court found that the remaining appellee, James Ogden, was also entitled to immunity to the claims described in the complaint. Hall's allegations regarding

Ogden arise out of Ogden's representation of GMS. "It is by now well-established in Ohio that an attorney may not be held liable by third parties as a result of having performed services on behalf of a client, in good faith, unless the third party is in privity with the client for whom the legal services were performed, or unless the attorney acts with malice." *Scholler v. Scholler* (1984), 10 Ohio St.3d 98, 10 OBR 426, 462 N.E.2d 158, paragraph one of the syllabus.

> The rationale for this posture is clear: the obligation of an attorney is to direct his attention to the needs of the client, not to the needs of a third party not in privity with the client. As was stated by the court in *W.D.G., Inc.*, *supra*:
>
>> "* * * Some immunity from being sued by third persons must be afforded an attorney so that he may properly represent his client. To allow indiscriminate third-party actions against attorneys of necessity would create a conflict of interest at all times, so that the attorney might well be reluctant to offer proper representation to his client in fear of some third-party action against the attorney himself." *Id.* at 399–400."

*Simon v. Zipperstein,* 32 Ohio St.3d 74, 76, 512 N.E.2d 636, 638 (1987).

**{¶24}** Hall claims Ogden misinterpreted the lease, gave GMS the wrong legal advice and failed to provide him a copy of the bond that was used to reduce the judgment against him, but he does not allege the Ogden acted with malice and there are no allegations within the complaint that would allow us to draw an inference in favor of Hall that Ogden acted with malice. We find no allegations of fraud, bad faith, collusion, or other malicious behavior or actions taken by Ogden with an ulterior motive separate and

apart from the good-faith representation of GMS. We find no facts from which we may infer a condition of mind which would prompt Ogden to do a wrongful act willfully, that is, on purpose, to the injury of another without justification or excuse. *Kim v. Randal A. Lowry & Assoc.*, 9th Dist. No. 29680, 2021-Ohio-51, 166 N.E.3d 146, ¶ 16, appeal not *allowed sub nom. Kim v. Randal Lowry & Assocs.*, 163 Ohio St.3d 1418, 2021-Ohio-1606, 167 N.E.3d 973, ¶ 16.

**{¶25}** We have closely reviewed the allegations in the complaint and we can confidently conclude that, after assuming the truth of all the allegations and construing all reasonable inferences in favor of Hall, the complaint does not state a claim for which relief may be granted. While the matters in the complaint might have formed a basis for a timely appeal of the original eviction action, that time has passed and pursuing a civil action is not an available option.

**{¶26}** Hall's appeal is denied and the decision of the Summit County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Gwin, J. and

Wise, Earle, J. concur.