[Cite as *Kim v. Randal Lowry & Assocs.*, 2021-Ohio-51.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JOHN Y. KIM, et al.

    Appellants

    v.

RANDAL A. LOWRY & ASSOCIATES, et al.

    Appellees

C.A. No.    29680

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2018-01-0356

DECISION AND JOURNAL ENTRY

Dated: January 13, 2021

SCHAFER, Judge.

{¶1} Plaintiffs/Appellants, John Y. Kim and Symphony Financial Services, appeal the Summit County Court of Common Pleas order granting summary judgment to Defendants/Appellees, Randal Lowry & Associates, Adam Morris, and Randal Lowry (collectively "Lowry & Associates").

I.

{¶2} This matter arises out of a domestic relations matter wherein Mr. Kim is the respondent and Lowry & Associates represent Mr. Kim's now ex-spouse. A final decree of divorce was issued in that case on May 26, 2017. On January 25, 2018, Mr. Kim and Symphony Financial Services, a business owned by Mr. Kim, filed a complaint in the Summit County Court of Common Pleas asserting claims for invasion of privacy, negligence, and gross negligence alleging that Lowry & Associates had willfully and wantonly filed unredacted subpoenas and other matters of record publicizing certain personal identifiers—Mr. Kim's full social security number and

Symphony Financial Service's bank account number—in the domestic relations case post decree. Lowry & Associates answered the complaint and the matter proceeded through the pretrial process.

{¶3} Both parties filed motions for summary judgment and responded to the opposing party's motion. In its motion for summary judgment, Lowry & Associates argued, inter alia, that it was entitled to summary judgment because there were no genuine issues of material fact and Lowry & Associates was immune from Mr. Kim's claims because they arose out of Lowry & Associates' representation of Mr. Kim's ex-spouse during post-divorce proceedings and Mr. Kim could not show that Lowry & Associates had acted with malice when it filed the subpoenas at issue in this case. The trial court agreed and granted Lowry & Associates' motion for summary judgment. The court further determined that all other arguments raised in both Lowry & Associates' motion for summary judgment and Mr. Kim's motion for summary judgment, as well as the parties' respective replies in opposition, were moot.

{¶4} Mr. Kim filed this timely appeal, raising one assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred in granting summary judgment to [Lowry & Associates] pursuant to the Ohio Rule of Civil Procedure 56.**

{¶5} In his sole assignment of error, Mr. Kim contends that the trial court erred when it granted Lowry & Associate's motion for summary judgment. We disagree.

{¶6} As an initial matter, this Court notes that Mr. Kim's merit brief does not comply with App.R. 16(A), App.R. 12(A)(2), or Loc.R. 7(B) and (F) of the Ninth District Court of Appeals, which require an appellant to separately argue each assignment of error, including supporting authority and citations to the record. App.R. 16(A)(7); Loc.R. 7(B)(7). Although Mr. Kim assigns as error on appeal the trial court's grant of Lowry & Associates' motion for summary

judgment, the first issue Mr. Kim "presented for review" asserts that the trial court's order conflicts with its own local rules and the Ohio Rules of Superintendence because, pursuant to both rules, Lowry & Associates was required to redact the subpoenas. This Court may disregard assignments of error if the appellant fails to argue them separately in the brief. *Ohio Edison Co. v. Williams*, 9th Dist. Summit No. 23530, 2007-Ohio-5028, ¶ 10.

{¶7} Regardless, Mr. Kim has not pointed to any case law to suggest that an attorney's failure to follow a court's local rules or the Rules of Superintendence is sufficient to overcome an attorney's qualified immunity. Upon review, we conclude that Mr. Kim's argument has no merit. This Court has long "recognized 'that the local rules are of the court's own making, procedural in nature, and not substantive principles of law * * *.'" *In re Estate of Durkin*, 9th Dist. Summit No. 28661, 2018-Ohio-2283, ¶ 30, quoting *Lorain Cty. Bank v. Berg*, 9th Dist. Lorain No. 91CA005183, 1992 WL 174633, *2 (July 22, 1992). Similarly, regarding the Rules of Superintendence, this Court recently explained:

> "Through decisional law, the Supreme Court has indicated that the Rules of Superintendence are not designed to alter basic substantive rights." *In re K.G.*, 9th Dist. Wayne No. 10CA0016, 2010-Ohio-4399, ¶ 11, citing *State v. Singer*, 50 Ohio St.2d 103, 110 (1977). "Further, the Rules of Superintendence 'do not have the same legal standing' as the rules of practice and procedure, which must be presented to the legislature and have the effect of law." *In re Z.H.*, 9th Dist. Summit, 2013-Ohio-3904, ¶ 16, quoting *State v. Smith,* 47 Ohio App.2d 317, 328 (8th Dist.1976) (Krenzler, C.J., concurring). Instead, they "are purely internal housekeeping rules which are of concern to the judges of the several courts but create no rights in individual defendants." *State v. Tamburin*, 145 Ohio App.3d 774, 779 (9th Dist.2001), quoting *State v. Gettys*, 49 Ohio App.2d 241, 243 (3d Dist.1976). "Alleged violations of the Rules of Superintendence are not a basis for reversal." *Myers v. Wade*, 10th Dist. Franklin No. 16AP-667, 2017-Ohio-8833, ¶ 22; *Allen v. Allen*, 11th Dist. Trumbull No. 2009-T-0070, 2010-Ohio-475, 2010 WL 520806, ¶ 31 (stating same).

*S.C. v. T.H.*, 9th Dist. Summit No. 29594, 2020-Ohio-2698, ¶ 5.

**{¶8}** Mr. Kim's remaining "issues presented for review" are directed toward the trial court's grant of Lowry & Associates' motion for summary judgment. A review of a trial court's grant of summary judgment is considered de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts in the light most favorable to the non-moving party and resolving any doubt in the favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983); *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

**{¶9}** Under Civ.R. 56(C), summary judgment is appropriate when:

> (1)[no] genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). Summary judgment consists of a burden-shifting framework. The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the moving party satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E).

**{¶10}** "In ruling on a motion for summary judgment, a trial court may not weigh the evidence and determine issues of fact." *Horner v. Elyria*, 9th Dist. Lorain No. 13CA010420, 2015-Ohio-47, ¶ 10. A court also "may not resolve questions of credibility on summary judgment[.]" *Id.* citing *Turner v. Turner*, 67 Ohio St.3d 337, 341-342 (1993).

**{¶11}** In its motion for summary judgment, Lowry & Associates asserted immunity from Mr. Kim's claims because it was acting as Mr. Kim's ex-spouse's legal counsel when it filed the

subpoenas and other matters of record at issue in this case and Mr. Kim did not present any evidence to show Lowry & Associates acted with malice. In support of this argument, Lowry & Associates cites to the Tenth District case of *Hahn v. Satullo*, 156 Ohio App.3d 412, 2004-Ohio-1057 (10th Dist.). In that case, the Hahns brought an action for invasion of privacy against Satullo, the attorney representing the Hahns' former counsel. *Id.* at ¶ 4, 14. The Hahns alleged that Satullo obtained their income tax records from their former attorneys, and that Satullo reviewed and disclosed those records as well as the Hahns' social security numbers, and thereby, invaded the Hahns' privacy. *Id.* at ¶ 14. The trial court ultimately determined that Satullo's actions were related to the litigation and that he was absolutely immune from the Hahns' invasion of privacy claim. *Id.* at ¶ 23.

{¶12} The Hahns appealed, arguing, *inter alia*, that the trial court erred in granting summary judgment to Satullo on their claim for invasion of privacy. On appeal, the court concluded that Satullo's actions—employing a professional copying company to reproduce a file—did not constitute a wrongful intrusion in the Hahns' private activities in such a manner as to cause outrage, mental suffering, shame, or humiliation to a person of ordinary sensibilities, and was, therefore not an invasion of the Hahns' privacy. *Id.* at ¶ 61. The *Hahn* court further concluded that Satullo was entitled to qualified immunity pursuant to the Ohio Supreme Court's holding in *Scholler v. Scholler*, 10 Ohio St.3d 98 (1984), paragraph one of the syllabus ("An attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, unless such third person is in privity with the client or the attorney acts maliciously."). *Hahn* at ¶ 62-63. The *Hahn* court also pointed to *Simon v. Zipperstein*, 32 Ohio St.3d 74 (1987), wherein the Supreme Court of Ohio reasserted its holding in *Scholler*, explaining,

"[t]he rationale for this posture is clear: the obligation of an attorney is to direct his attention to the needs of the client, not the needs of a third party not in privity with the client. As was stated by the court in *W.D.G., Inc.* [*v. Mut. Mfg. & Supply Co.*, 10th Dist. Franklin No. 76 AP-366, 1976 WL 190343 (Nov. 4, 1976)]:

""* * * Some immunity from being sued by third persons must be afforded an attorney so that he may properly represent his client. To allow indiscriminate third-party actions against attorneys of necessity would create a conflict of interest at all times, so that the attorney might well be reluctant to offer proper representation to his client in fear of some third-party action against the attorney himself.' *Id.* at [*3]."

*Hahn* at ¶ 64, quoting *Simon* at 76. Finally, the *Hahn* court concluded that the Hahns had failed to show malice on the part of Satullo in order to overcome the application of qualified immunity as a bar to their claim for invasion of privacy. *Id.* at ¶ 62.

{¶13} The trial court in this case found the reasoning in *Hahn* persuasive and noted that Ohio courts have found the qualified immunity recognized in *Scholler* also protects attorneys from tortious interference claims. On appeal, Mr. Kim asserts that the trial court erred when it relied on *Hahn* because the case was non-binding and factually distinguishable from this case. Mr. Kim points out that there was no allegation in *Hahn* that the information at issue was published to anyone other than the copying service, let alone an allegation of failure to redact published documents. Mr. Kim does not explain the significance of this factual disparity in his merit brief. In his brief in opposition to Lowry & Associates' motion for summary judgment in the court below, however, Mr. Kim argued that the two Ohio Supreme Court cases upon which *Hahn* relies, *Scholler* and *Simon*, were strictly legal malpractice cases and, because he did not assert a cause of action for legal malpractice, the holdings in those cases are not applicable here.

{¶14} Though Mr. Kim is correct that *Scholler* and *Simon* concerned allegations of legal malpractice, and *Hahn* concerned an allegation of invasion of privacy, "[a] claim against an attorney for actions taken in his professional capacity is a claim sounding in legal malpractice no

matter how artfully the pleadings attempt to raise some other claim." *Omega Riggers & Erectors, Inc. v. Koverman*, 2d Dist. Montgomery No. 26590, 2016-Ohio-2961, ¶ 22. Accordingly, Ohio courts have consistently applied the qualified immunity recognized in *Scholler* and *Simon* to third party claims of tortious conduct directly related to an attorney's representation of a client even when the cause of action asserted is not "legal malpractice." *See Hahn* at ¶ 55-69 (applying rule to invasion of privacy claim against third party attorney); *Omega Riggers* at ¶ 22-44 (analyzing claims for negligence and violation of a fiduciary duty in the context of legal malpractice); *Moffit v. Litteral*, 2d Dist. Montgomery No. 19154, 2002-Ohio-4973, ¶ 75-82 (applying rule to claim for conversion against third party attorney); *Lisboa v. Lisboa*, 8th Dist. Cuyahoga No. 95673, 2011-Ohio-351, ¶ 24-28 (analyzing claims for third party malpractice, fraud, conspiracy, civil aiding and abetting, and intentional infliction of emotional distress together); *FV-I, Inc., In Trust for Morgan Stanly Mtge. Capital Holdings, L.L.C. v. Townsend-Young*, 8th Dist. Cuyahoga No. 109191, 2020-Ohio-5184, ¶ 64-66 (applying rule to claim of fraud against a third-party attorney). *See also Andrews v. Carmody*, 145 Ohio App.3d 27, 34 (11th Dist.2001) (tortious interference with a contract).

{¶15} In this case, Mr. Kim's claims arise out of Lowry & Associates' representation of Mr. Kim's ex-spouse during adversarial post-divorce proceedings. Therefore, we conclude that Lowry & Associates is entitled to qualified immunity pursuant to *Scholler* and *Simon*. There is no dispute in this case that Mr. Kim is not in privity with Lowry & Associates. Thus, in order to overcome Lowry & Associates' immunity from his claims, Mr. Kim must show that Lowry & Associates acted with malice. *See Scholler*, 10 Ohio St.3d 98, paragraph one of the syllabus; s*ee also Omega Riggers* at ¶ 30 ("[O]nce the defense demonstrates a lack of an attorney-client relationship, the burden falls to plaintiff to demonstrate malice as an exception.").

{¶16} "[T]here is little Ohio case law identifying what set of facts is necessary to constitute malice as a substitute for an attorney-client relationship." *Omega Riggers* at ¶ 31. In *Simon*, the Supreme Court recognized that a showing of "fraud, bad faith, collusion, or other malicious behavior" would justify a departure from the general rule of immunity. *Simon*, 32 Ohio St.3d at 76. Ohio courts have "defined 'malice' in the context of [third-party attorney liability] cases to include actions taken by the attorney with an ulterior motive separate and apart from the good-faith representation of the client's interests." *Ryan v. Wright*, 10th Dist. Franklin No. 06AP-962, 2007-Ohio-942, ¶ 19, citing *Hahn* at ¶ 67, citing *Thompson v. R & R Srvs. Sys, Inc.*, 10th Dist. Franklin Nos. 96APE10-1277, 96APE10-1278, 1997 WL 359325 (June 19, 1997). Ohio courts have also recognized that malice in this context "implies '[a] condition of mind which prompts a person to do a wrongful act willfully, that is, on purpose, to the injury of another without justification or excuse.'" *Moffitt*, 2002-Ohio-4973, at ¶ 82, quoting *Black's Law Dictionary* 956 (6 Ed.1990). Although issues regarding malice are generally questions left to the jury, summary judgment is appropriate under certain circumstances, such as when a plaintiff fails to present sufficient facts to rebut a presumption of immunity. *See Leonhardt v. City of Akron*, 9th Dist. Summit No. 29049, 2019-Ohio-5223, ¶15, citing *Shadoan v. Summit Cty. Children Servs. Bd.*, 9th Dist. Summit No. 21486, 2003-Ohio-5775, ¶ 14-15.

{¶17} In its motion for summary judgment, Lowry & Associates contend that their filing of the subpoenas and other matters of record at issue in this case was done in good faith on behalf of their client and without malice. The firm asserts that because Mr. Kim was delinquent in his financial obligations owed to his former spouse, the firm was obligated by its representation of Mr. Kim's ex-spouse to subpoena his bank records to determine whether his claim of inability to pay was valid—especially in light of a statement by Mr. Kim to his ex-spouse that her attorneys

would never find his money. Lowry & Associates does not dispute that Mr. Kim's social security number was listed, unredacted, on the subpoenas at issue or that his company's financial account number was not redacted when Lowry & Associates filed a motion to submit rebuttal evidence in an effort to refute Mr. Kim's claim that he was unable to pay. The firm asserts, however, that it acted in good faith and that Mr. Kim did not present any evidence to show that the filings were maliciously left unredacted.

{¶18} In support of its argument that it acted in good faith, Lowry & Associates attached to its motion for summary judgment a letter from Mr. Kim's counsel to Lowry & Associates informing them that the subpoenas at issue "unacceptably and unnecessarily reference [Mr. Kim]'s full social security number" and requesting that Lowry & Associates "[p]lease immediately withdraw these subpoenas." The firm responded to this letter with an email to Mr. Kim's counsel stating, "As you know, it is the responsibility of the clerk to black out social security numbers on the docket. I would be happy to sign an agreed entry sealing the docket relating to these entries."

{¶19} Because the parties do not dispute that Mr. Kim was not in privity with Lowry & Associates, Mr. Kim needed to show a genuine issue of material fact as to whether Lowry & Associates acted with malice. *See Omega Riggers* at ¶ 30 ("[O]nce the defense demonstrates a lack of an attorney-client relationship, the burden falls to plaintiff to demonstrate malice as an exception."). In his brief in opposition to Lowry & Associates' motion for summary judgment, Mr. Kim argues, *inter alia*, that even if Lowry & Associates is entitled to qualified immunity, the subpoenas were unnecessary and filed to harass Mr. Kim. Mr. Kim contends that the firm's refusal to subsequently redact or withdraw the offending information shows its intent was to harass, intimidate, and/or increase its fees. Mr. Kim also argues that the subpoenas were unnecessary because he ultimately fulfilled his obligations to his ex-spouse, and the fact that subpoenas "never

revealed any additional information or 'hidden money' reinforces [Lowry & Associates'] ulterior motives." Mr. Kim points to other subpoenas issued in the case—to his domestic relations counsel and family—to support his contention that Lowry & Associates actions were done merely to harass him.

{¶20} Upon review, we conclude that Mr. Kim did not point to sufficient evidence to show a genuine issue of material fact as to whether Lowry & Associates acted with malice when filing the subpoenas or other matters of record at issue in this case. In their motion for summary judgment, Lowry & Associates assert that pursuant to the final divorce decree in the domestic relations case, Mr. Kim was obligated to make certain payments to his ex-spouse, and that pursuant to an agreed order filed September 17, 2017, Mr. Kim agreed he owed arrearages of spousal support and other expense payments. Lowry & Associates further assert that in anticipation of a hearing on a motion to enforce the agreed order, Lowry & Associates issued subpoenas to various institutions.

{¶21} In response, Mr. Kim argues that the filing of the subpoenas was "unnecessary" because he (1) fulfilled his obligation to his ex-spouse, and (2), the subpoenas did not reveal any "hidden money," and thus, Lowry & Associates must have filed the subpoenas with malice. However, this Court need not determine whether such facts would create a genuine issue of fact regarding whether Lowry & Associates filed the subpoenas with malice. First, Mr. Kim does not point to any evidence to support his claim that he fulfilled his obligation pursuant to the agreed order. Second, the mere fact that a subpoena to a financial institution does not reveal "hidden money," without more, is insufficient to show a malicious purpose in filing the subpoena.

{¶22} In his brief in opposition to the firm's motion for summary judgment, Mr. Kim attempts to support his claim that he fulfilled his obligations to his ex-spouse with an affidavit

executed by Mr. Kim himself. In the affidavit, Mr. Kim purports to authenticate copies of correspondence Mr. Kim received, but which was sent by Mr. Kim's domestic relations counsel to Lowry & Associates. The first correspondence attached to the affidavit is dated February 22, 2018, three months after the subpoenas subject to this dispute were issued, and it does not reference Mr. Kim's obligation under the agreed entry. The second correspondence is dated August 8, 2017, more than a month prior to the September 17, 2017 agreed entry, and concerns Mr. Kim's attempt to divide retirement accounts. The third correspondence is dated February 14, 2018, nearly three months after the subpoenas were issued, and it does not reference Mr. Kim's obligation pursuant to the September 17, 2017 agreed entry, but instead summarizes Mr. Kim's ex-spouse's alleged failure to comply with certain terms of the divorce decree.

{¶23} Additionally, Mr. Kim fails to support his contention that Lowry & Associates refused to redact the subpoenas with any evidence in the record. Moreover, a review of the record shows that Lowry & Associates was willing to file a joint motion requesting the court to seal the record as to the unredacted subpoenas. In response to Mr. Kim's counsel demanding to have the subpoenas withdrawn, the firm sent an email to counsel stating it believed it was the clerk's duty to redact the subpoenas, but expressly stated that the firm was willing to sign an agreed entry requesting the offending portion of the docket be sealed. Mr. Kim did not dispute or question the credibility of Lowry & Associates' offer to file an agreed entry requesting the clerk to seal the docket.

{¶24} Finally, Mr. Kim did not explain, and we fail to see, how subpoenas issued to people associated with Mr. Kim, which are not alleged to contain his unredacted social security number, show that Lowry & Associates acted with malicious intent in issuing the subpoenas to various banking institutions.

**{¶25}** Therefore, we conclude that Mr. Kim failed to carry his burden to show evidence sufficient to create a genuine issue of material fact as to whether Lowry & Associates acted with malice when it filed the unredacted subpoenas or other matters of record at issue in this case. *See Scholler*, 10 Ohio St.3d 98, paragraph one of the syllabus; *see also Omega Riggers*, 2016-Ohio-2961, at ¶ 30. Thus, the trial court did not err in granting Lowry & Associates' motion for summary judgment.

**{¶26}** Mr. Kim's assignment of error is overruled.

III.

**{¶27}** Mr. Kim's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

EDWARD A. PROCTOR, Attorney at Law, for Appellant.

RANDAL A. LOWRY and ADAM R. MORRIS, Attorneys at Law, for Appellees.