[Cite as *Kim v. Randal A. Lowry & Assocs.*, 2023-Ohio-3232.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JOHN Y. KIM, et al.

    Appellants

    v.

RANDAL A. LOWRY & ASSOCIATES,
et al.

    Appellees

C.A. No.     30350

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2018-01-0356

DECISION AND JOURNAL ENTRY

Dated: September 13, 2023

---

TRAPP, Judge.

**{¶1}** Appellants, John Y. Kim ("Mr. Kim"), Symphony Financial Services ("Symphony"), and Connick Law LLC ("Connick"), appeal the judgment of the Summit County Court of Common Pleas granting the motion for sanctions and attorney fees filed by appellees, Randal Lowry & Associates, Adam Morris, and Randal Lowry (collectively, "Lowry").

I.

**{¶2}** As noted in a previous appeal involving summary judgment, this matter arises out of a domestic relations case wherein Mr. Kim was the respondent and Lowry represented Mr. Kim's now ex-spouse. *Kim v. Randal A. Lowry & Assocs.*, 2021-Ohio-51, 166 N.E.3d 146, ¶ 2 (9th Dist.) ("*Kim I*"), *appeal not accepted*, 163 Ohio St.3d 1418, 2021-Ohio-1606, 167 N.E.3d 973. Before Lowry assumed representation of Ms. Kim, the domestic relations court issued an order sealing public access to the online docket. A final decree of divorce was issued in May 2017.

{¶3} On January 25, 2018, Mr. Kim and Symphony, a business owned by Mr. Kim, filed a complaint for damages against Lowry in the Summit County Court of Common Pleas asserting claims for invasion of privacy, negligence, and gross negligence. Mr. Kim and Symphony alleged that Lowry willfully and wantonly filed unredacted subpoenas and other matters of record publicizing certain personal identifiers, specifically, Mr. Kim's full social security number and Symphony's bank account numbers, in its post-decree efforts to pursue payment of arrearages owed by Mr. Kim. Connick filed the complaint against Lowry on Mr. Kim's/Symphony's behalf.

{¶4} Lowry answered the complaint, and the matter proceeded through the pretrial process and a mutual summary judgment exercise. The trial court granted Lowry's motion for summary judgment, finding, inter alia, that Lowry was immune from Mr. Kim's/Symphony's claims because they arose out of Lowry's representation of Ms. Kim during the post-divorce proceedings and that Mr. Kim/Symphony failed to prove Lowry had acted with malice when it filed the subpoenas at issue.

{¶5} Mr. Kim and Symphony appealed that judgment, and this court affirmed, finding no merit to their assertion that an attorney's failure to follow a court's local rules or the Rules of Superintendence is sufficient to overcome an attorney's qualified immunity. *Kim I* at ¶ 7. We also determined that inasmuch as Mr. Kim was not in privity with Lowry, immunity could only be overcome by evidence that Lowry acted with malice. *Id*. at ¶ 15. Our de novo review of the record failed to reveal sufficient evidence to show a genuine issue of material fact as to whether Lowry acted with malice when it filed the unredacted subpoenas or other matters of record at issue. *Id*. at ¶ 20.

{¶6} While the first appeal was pending, Lowry filed a motion for sanctions and attorney fees against Mr. Kim, Symphony, and Connick pursuant to Civ.R. 11 and R.C. 2323.51. As bases

for its frivolous conduct motion, Lowry asserted that appellants filed and continued to prosecute the complaint knowing their allegations had no evidentiary support and were barred by the defense of qualified immunity. Lowry also asserted that appellants made untruthful or misleading statements in the pleadings, which subjected them to Civ.R. 11 sanctions.

{¶7} Appellants opposed the motion for sanctions, arguing there was "objective minimal support" for their allegations since it was undisputed that subpoenas were filed without redaction of personal identifiers, as required by rule, and three people were able to access the sealed docket, one of whom saw the unredacted subpoenas. Appellants further argued that Lowry failed to withdraw or redact the subpoenas, as requested, and case law has held that the publication of personal identifiers is an invasion of privacy.

{¶8} The trial court held an evidentiary hearing. The parties stipulated that Lowry's incurred legal fees in the amount of $38,679 were reasonable and customary in Summit County. Lowry offered testimony from Attorney Adam Morris of the Lowry firm, who confirmed that months before his appearance for Ms. Kim, the domestic relations court had sealed the case record. He did not dispute that the personal identifiers were not redacted when the subpoenas were filed, but after being notified by counsel of the unredacted filing, he confirmed with the clerk of courts that the subpoenas were not publicly accessible. He offered to file an agreed entry sealing the documents, but he received no response from Mr. Kim's counsel.

{¶9} Attorney Randal Lowry confirmed Attorney Morris' testimony about the seal order and the inability to publicly access documents containing personal identifiers on the online docket even without a seal order. Attorney Lowry also testified that he and Attorney Morris received, via a forward from Ms. Kim, an email dated February 15, 2018, in which Mr. Kim wrote, "I've sued Lowry and he's pouting, saying he's going to try and join all these parties. * * * As for

litigation, you haven't seen anything yet. It's all just beginning," and stated Ms. Kim could anticipate becoming a defendant.

{¶10} In defending against the motion for sanctions, appellants offered the testimony of Mr. Kim's law clerk and his first divorce attorney, neither of whom could testify that they viewed any personal identifiers via the public portion of the online docket. They also offered the deposition testimony of a third witness, a client of Mr. Kim, who testified he was able to access the divorce docket at one point and then could no longer access the docket publicly. He, too, could not testify that he saw the subpoenas or any personal identifiers, including Mr. Kim's social security number.

{¶11} The trial court observed that no evidence was presented regarding the statements made in pleadings; thus, it considered only Lowry's R.C. 2323.51 motion. It determined that appellants' conduct in filing the complaint and prosecuting the action was frivolous and that Lowry was adversely affected by the filing of the complaint and in defending the action. The trial court awarded Lowry attorney's fees in the stipulated amount of $38,679 as a sanction against appellants.

{¶12} In its detailed and well-reasoned judgment, the trial court concluded that appellants had no good faith basis to believe Lowry acted maliciously in filing the subpoenas. Specifically, the three witnesses offered by appellants were individuals affiliated with Mr. Kim; therefore, the information as to what could or could not be seen when they accessed the online docket was "readily available to the Plaintiffs at the time of the filing of the Complaint. * * * [D]espite knowing that Plaintiffs had zero witnesses that would testify favorably that they accessed and viewed Mr. Kim's personal identifying information as a member of the general public, they forged ahead to file the instant Complaint."

**{¶13}** The trial court continued:

**{¶14}** "More egregiously, Plaintiffs' Complaint was filed despite the fact that Judge Quinn issued an Order well before Defendants appeared as counsel for Ms. Kim, which Order sealed public access to the court docket. To the extent a technical glitch may have allowed public access to the docket for a brief period of time following the Court's sealing Order, no evidence has ever been produced to show that Defendants were aware (or Plaintiffs were aware and made Defendants aware) of this fact. Indeed, it is objectively reasonable for parties and their counsel to rely upon an Order of the Court.

**{¶15}** "Further, no evidence has ever been presented that, during the period of time the docket could be briefly accessed, that anyone ever viewed Mr. Kim's personal identifying information. Indeed, Defendants even exercised due diligence in offering Plaintiffs' counsel to enter an agreed judgment entry with respect to the subpoenas and confirmed with the Clerk of Courts that the personal identifying information could not be accessed by members of the general public—which Plaintiffs' counsel ignored."

**{¶16}** Appellants timely filed this appeal, raising three assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED IN FINDING THAT KIM AND KIM'S COUNSEL DID NOT HAVE A FACTUAL BASIS FOR THEIR CLAIMS SUFFICIENT TO OVERCOME A FINDING OF FRIVOLOUS CONDUCT PURSUANT TO OHIO REVISED CODE §2323.51.**

**{¶17}** In their first assignment of error, appellants contend the trial court erred in determining their conduct was frivolous because their claims had evidentiary support.

{¶18} "Ohio's frivolous conduct statute is codified in R.C. 2323.51. This measure was enacted by the General Assembly in 1987, rectifying many of the shortcomings of Civ.R. 11. The duties imposed reach beyond the mere filing of a pleading and include 'any other action in connection with' a lawsuit. R.C. 2323.51(A)(1). Parties as well as attorneys of record are responsible under the Act. R.C. 2323.51(A)(2)." *Ceol v. Zion Indus., Inc.*, 81 Ohio App.3d 286, 291, 610 N.E.2d 1076 (9th Dist.1992).

{¶19} R.C. 2323.51(B)(1) provides, "[A]t any time not more than thirty days after the entry of final judgment in a civil action * * *, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action * * *. The court may assess and make an award to any party to the civil action * * * who was adversely affected by frivolous conduct, as provided in [R.C. 2323.51(B)(4)]." R.C. 2323.51(B)(4) provides, "An award made pursuant to [R.C. 2323.51(B)(1)] may be made against a party, the party's counsel of record, or both."

{¶20} "Conduct" includes "the filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action[.]" R.C. 2323.51(A)(1)(a).

{¶21} "Frivolous conduct" includes "[c]onduct of an * * * other party to a civil action * * * or of the * * * other party's counsel of record that satisfies any of the following:

{¶22} "(i) It obviously serves merely to harass or maliciously injure another party to the civil action * * * or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

**{¶23}** "(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

**{¶24}** "(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**{¶25}** "(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief." R.C. 2323.51(A)(2)(a).

**{¶26}** "[A]nalysis of a claim under [R.C. 2323.51] boils down to a determination of (1) whether an action taken by the party to be sanctioned constitutes 'frivolous conduct,' and (2) what amount, if any, of reasonable attorney fees necessitated by the frivolous conduct is to be awarded to the aggrieved party." *Ceol* at 291. "This Court's standard of review is subject to which part of the analysis is at issue on appeal." *In re Guardianship of Bakhtiar*, 2018-Ohio-1764, 113 N.E.3d 24, ¶ 19 (9th Dist.). "A trial court's award of attorney fees under R.C. 2323.51 is generally reviewed under an abuse of discretion standard, but the trial court's factual finding that frivolous conduct occurred will be affirmed if supported by competent, credible evidence in the record." *Eastwood v. Eastwood*, 9th Dist. Summit No. 25310, 2010-Ohio-6492, ¶ 12. "The trial judge, of course, will have had the benefit of observing the entire course of proceedings and will be most familiar with the parties and attorneys involved. Consequently, a finding as to the commission of frivolous conduct is entitled to substantial deference upon review." *Ceol* at 292.

**{¶27}** The trial court found appellants' conduct was frivolous pursuant to R.C. 2323.51(A)(2)(a)(iii), which addresses conduct consisting of "allegations or other factual

contentions that have *no evidentiary support*." (Emphasis added.) Upon review, we find that the evidence presented at the sanctions hearing fully supports the trial court's above determinations and its finding of frivolous conduct.

{¶28} Appellants' arguments, by contrast, are based on an inaccurate characterization of the evidence. For instance, appellants contend that Mr. Kim's counsel asked Lowry to redact and/or remove the offending materials, but Lowry "refused" and "blamed" the clerk of courts. Lowry then filed unredacted private banking information in another document despite counsel's objections. However, Attorney Morris' testimony and emails indicate he confirmed with the clerk of courts that the subpoenas were not publicly accessible. He then offered to file an agreed entry sealing the documents but received no response from Mr. Kim's counsel.

{¶29} Since the trial court's frivolous-conduct finding is supported by competent, credible evidence in the record, it must be affirmed.

{¶30} Appellants' first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED IN FINDING THAT KIM AND KIM'S COUNSEL DID NOT HAVE A LEGAL BASIS FOR THEIR CLAIMS SUFFICIENT TO OVERCOME A FINDING OF FRIVOLOUS CONDUCT PURSUANT TO OHIO REVISED CODE §2323.51.**

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED IN FINDING THAT KIM AND KIM'S COUNSEL DID NOT HAVE A GOOD FAITH BASIS FOR AN EXTENSION, MODIFICATION OR REVERSAL OF EXISTING LAW SUFFICIENT TO OVERCOME A FINDING OF FRIVOLOUS CONDUCT PURSUANT TO OHIO REVISED CODE §2323.51.**

{¶31} We review appellants' remaining assignments of error together.

{¶32} In their second assignment of error, appellants contend the trial court erred in determining their conduct was frivolous because their claims were warranted under existing law.

In their third assignment of error, appellants contend the trial court erred because their claims were supported by a good faith argument for an extension, modification, or reversal of existing law.

{¶33} Appellants' arguments are based on R.C. 2323.51(A)(2)(a)(ii), which addresses conduct that "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." As stated, however, the trial court found appellants' conduct was frivolous pursuant to R.C. 2323.51(A)(2)(a)(iii) because their claims lacked evidentiary support. A party is only required to establish one of the prongs in subsections (a)(i) through (iv). *See* R.C. 2323.51(A)(2)(a) ("'Frivolous conduct' means * * * [c]onduct * * * that satisfies *any* of the following * * *") (Emphasis added.) Since the trial court's frivolous-conduct finding was not based on subsection (a)(ii), appellants have not asserted a valid basis for reversal.

{¶34} Appellants' second and third assignments of error are overruled.

### III.

{¶35} Appellants' first, second, and third assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

                                       _____

                                       MARY JANE TRAPP
                                       FOR THE COURT

LYNCH, J.
EKLUND, J.
CONCUR.

Judges Mary Jane Trapp, Matt Lynch, and John J. Eklund of the Eleventh District Court of Appeals sitting by assignment.

APPEARANCES:

EDWARD A. PROCTOR, Attorney at Law, for Appellants.

RANDAL A. LOWRY and ADAM R. MORRIS, Attorneys at Law, for Appellees.